# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1406V

|  |  |
|---|---|
| BRANDON SAUTER,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 15, 2024 |

*Jessica Witmer Hayes*, Murray Law Firm, New Orleans, LA, *for Petitioner.*

*Emilie Williams*, U.S. Department of Justice, Washington, DC, *for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 16, 2020, Brandon Sauter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration within the time period set forth in the Table. Petition, ECF No. 1. On October 11, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 55.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $48,350.44 (representing $47,427.40 in fees plus $923.04 in costs). Application for Attorneys' Fees and Costs ("Motion") filed April 16, 2024, ECF No. 60. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 61. Respondent filed no response to Petitioner's Motion thereafter.

I have reviewed the billing records submitted with Petitioner's request. For work performed by attorney Jessica W. Hayes, Petitioner has requested the following hourly rates: $442 for 2022; $469 for 2023; and $496 for 2024. ECF No. 60-1 at 15. Ms. Hayes has been a licensed attorney since 2004. *Id.* 60-3 at 1. In my experience, the requested hourly rates appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 60-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $48,350.44 (representing $47,427.40 in fees plus $923.04 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jessica W. Hayes.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.